Stephen A. Loney, Jr. (N.J. No. 005172006)
stephen.loney@hoganlovells.com
Jessica K. Jacobs (N.J. No. 038002011)
jessica.jacobs@hoganlovells.com
HOGAN LOVELLS US LLP
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

*Attorneys for Defendants Hyundai Motor*
*America and Genesis Motor America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POWER CAR, LLC d/b/a HYUNDAI OF SOUTH BRUNSWICK and POWER CAR, LLC d/b/a GENESIS OF SOUTH BRUNSWICK, <br><br>          Plaintiff, <br><br>      v. <br><br> HYUNDAI MOTOR AMERICA d/b/a HYUNDAI, GENESIS MOTOR AMERICA d/b/a GENESIS, JOHN DOES 1-10 (fictitious persons presently unknown), and ABC CORPORATIONS 1-10 (fictitious entities presently unknown), <br><br>          Defendants. | Civil Action No. 3:21-cv-443 <br><br><br> **NOTICE OF REMOVAL** |

TO THE JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Hyundai Motor America ("HMA") and Genesis Motor America ("GMA") (collectively, "Defendants"), by their attorneys, hereby remove this action from the Superior Court of New Jersey Law Division, County of Middlesex to the United States District Court for the District of New Jersey, and as grounds for removal state as follows:

1.      On December 14, 2020, Defendants accepted service of a Summons and Complaint in an action filed by Plaintiff Power Car, LLC d/b/a Hyundai of South Brunswick and Power Car, LLC d/b/a Genesis of South Brunswick ("Plaintiff" or "Power Car") in the Superior Court of New Jersey Law Division, County of Middlesex, Case Number MID-L-008471-20 (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and Summons are attached hereto as Exhibits A and B, respectively.

3.      Other than those documents, no pleadings, process, or orders have been served upon Defendants in the State Court Action.

<u>Procedural Requirements for Removal</u>

4.      Removal of the State Court Action to this Court satisfies the procedural requirements of 28 U.S.C. § 1446.  This Court is the "district court of the United

2

States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a).

5.      Removal to this Court is proper under 28 U.S.C. § 1441(a) because Middlesex County, where this action was filed, is within the District of New Jersey. *See* 28 U.S.C. § 110.

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days after the receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants will also file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey Law Division, County of Middlesex, with a copy to Plaintiff's counsel.

## Diversity Jurisdiction

8.      The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10.     HMA is a citizen of the State of California, where it is incorporated and where it has its principal place of business.  *See* Compl. ¶ 3.

11.     GMA is a California limited liability company ("LLC").

12.     According to the Complaint, Plaintiff is a New Jersey LLC.  *Id.* at ¶ 1.

13.     For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

14.     The sole member of GMA is HMA, a citizen of the State of California.

15.     According to the Hyundai Motor America Term Dealer Sales and Service Agreement (the "DSSA") between Plaintiff and HMA, which was executed on October 26, 2018, Fancy Janet, LLC ("Fancy Janet") and G2 Auto Group, LLC ("G2") are the sole owners of Plaintiff.  *See* Exhibit C at ¶¶ 3, 8.[1]  The DSSA states that Fancy Janet, in turn, is owned 100% by Zhanna Feliciano and that G2 is owned 50% by John Geraci and 50% by John Grifonetti.  *See id.* at ¶ 8.[2]

---

[1] Plaintiff's complaint alleges the parties' relationship is based on the "Franchise Agreements" (*i.e.*, the DSSA) that contain these representations, it seeks an injunction to prevent Defendants from terminating those agreements, and it includes a claim (Count II) for breach of the covenant of good faith and fair dealing that is purportedly implied under the parties' DSSA (¶ 34).  A true and correct copy of the DSSA is attached hereto as Exhibit C.

[2] The Genesis Motor America Dealer Sales and Service Agreement ("Genesis DSSA"), executed on February 15, 2019, reflects the same representations about LLC ownership as the Hyundai DSSA.  Although the Genesis DSSA is not

16.     On information and belief, Zhanna Feliciano is a citizen of the State of New Jersey and is not a citizen of the State of California.

17.     On information and belief, John Geraci and John Grifonetti are citizens of the State of New Jersey and are not citizens of the State of California.[3]

18.     Defendants John Does 1-10 and ABC Corporations 1-10 are fictitious defendants not identified in the Complaint and, therefore, are disregarded for purposes of determining whether this action is removable, pursuant to 28 U.S.C. § 1441(b)(1).

19.     Because HMA and GMA, the only defendants specifically identified in the Complaint, are citizens of the State of California, and Plaintiff is not a citizen of the State of California, there is complete diversity of citizenship.

20.     While the Complaint does not specify the amount of Plaintiff's alleged damages or the value of its requested injunctive relief, and although Defendants

---

referenced in the Complaint, this does not change the analysis on diversity because all members listed are New Jersey citizens.

[3] To the extent that LLC ownership interests other than those held by named members may be relevant to citizenship of the entity, Defendants note that they subsequently learned of separate agreements by Plaintiffs and their principals to: (a) grant unauthorized ownership interests in Power Car to an entity called New Jersey Family Holdings, LLC ("NJFH") and an individual named Stan Mankovsky; and (b) grant ownership interests in G2 to an individual named Esmail Mubarak. On information and belief, Stan Mankovsky is a citizen of the State of New Jersey, Esmail Mubarak is a citizen of Louisiana, and NJFH is a New Jersey LLC. None of them is a California citizen.

intend to dispute that Plaintiff is entitled to any relief, the amount Plaintiff's claims place in controversy exceeds $75,000 by a substantial amount.

21.    For example, in support of its claim for purported violation of § 56-10-5 of the New Jersey Franchise Practices Act, Plaintiff alleges that it was "considering selling the franchise" but that Defendants "destroy[ed] whatever chances Plaintiff ha[d] to assign, transfer, or sell the dealership, and attempt[ed] to wrongfully rob Plaintiff of the value of its franchises."  *See* Compl. ¶¶ 26-29.

22.    The value of such an allegedly scuttled automotive franchise sale exceeds $75,000, because Plaintiff's Hyundai and Genesis franchises would surely sell for far more than $75,000.  Indeed, when Power Car purchased the Hyundai dealership assets of DCN Automotive, LLC d/b/a DCN Hyundai ("DCN"), Power Car borrowed $6,500,000 from DCN to help fund this acquisition.  *See* Exhibit D at 2-3.[4]  Moreover, a Second Asset Purchase Agreement between Power Car and DCN provided that Power Car would pay (among other amounts) an $8,500,000 "goodwill" purchase price to DCN.  *See id.* at 2.

23.    This satisfies the jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a) by a substantial amount, exclusive of interest and costs.

---

[4] A true and correct copy of the Notice of Termination from HMA to Power Car, containing this information, is attached hereto as Exhibit D.

24. For all of the foregoing reasons, removal is proper under 28 U.S.C. §§ 1441(a) and 1332(a)(1).

25. Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument, or principle of equity available to Defendants.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove the State Court Action to the United States District Court for the District of New Jersey.

Dated: January 8, 2021

HOGAN LOVELLS US LLP

*s/ Stephen A. Loney, Jr.*
Stephen A. Loney, Jr. (N.J. No. 005172006)
stephen.loney@hoganlovells.com
Jessica K. Jacobs (N.J. No. 038002011)
jessica.jacobs@hoganlovells.com
1735 Market Street, 23rd Floor
Philadelphia, PA 19103
Tel: (267) 675-4600

John J. Sullivan
(*pro hac vice application to be filed*)
john.sullivan@hoganlovells.com
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000

*Attorneys for Defendants Hyundai Motor America and Genesis Motor America*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen A. Loney, Jr. hereby certify that, on January 8, 2021, I served via overnight mail and electronic mail a true and correct copy of the foregoing Notice of Removal, and all documents filed herewith, on Plaintiff's counsel.

Seth L. Dobbs, Esq.
Timothy J. Broking, Esq.
ABOYOUN DOBBS, LLC
77 Bloomfield Avenue
Pine Brook, NJ 07058

*s/ Stephen A. Loney, Jr.*
Stephen A. Loney, Jr.